# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL LANE,**

        **Plaintiff,**

        **-vs-**        **Case No.   06-C-866**

**JEFFREY P. ENDICOTT and**
**SCOTT ECKSTEIN,**

        **Defendants.**

## DECISION AND ORDER

Plaintiff, Michael Lane, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 and is proceeding *in forma pauperis* on an Eighth Amendment failure to protect claim. The defendants filed a motion to dismiss on February 1, 2007. Pursuant to Civil Local Rule 7.1 (E.D. Wis.), the plaintiff's response to the defendants' motion was due on or before February 22, 2007. The plaintiff failed to file a timely response. By order of March 20, 2007, the court granted the plaintiff extension of time until April 23, 2007, in which to file his response and advised him that failure to file a response by that date could result in dismissal of this action, with prejudice, for failure to prosecute. (*See* Order of Mar. 20, 2007, at 3). To date, no response has been filed.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. It is well settled that "the

ultimate sanction of dismissal should be involved only in extreme situations, where there is a clear record of delay or contumacious conduct." *Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003) (internal citations omitted); *see also, Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (a plaintiff's failure to respond that delays the litigation can be a basis for a dismissal for lack of prosecution). However, no case should be dismissed for failure to prosecute without a warning to the plaintiff, either explicitly or by making clear that no further extensions of time will be granted. *Bolt*, 227 F.3d at 856 (citing *Williams v. Chic. Bd. of Educ.*, 155 F.3d 853 (7th Cir. 1998)). Moreover, there is no requirement for district courts to impose graduated sanctions. *Rice*, 333 F.3d at 785 (citing *Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir. 1993)).

Civil Local Rule 41.3 (E.D. Wis.), which governs dismissal for "lack of diligence," provides:

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action the Court may enter an order of dismissal with or without prejudice. Any party can petition for reinstatement of the action within 20 days.

A review of the docket in this case reveals that the defendants have invested significant time and resources in defending against this action. Further, more than two months have passed since the defendants filed their motion to dismiss. The plaintiff was granted an extension of time in which to file a response to the defendants' motion and he was warned that failure to respond could result in dismissal for failure to prosecute. Nevertheless, the plaintiff has failed to respond to the motion to dismiss. From his failure to respond to the

2

defendants' motion, this court infers that the plaintiff no longer wants to prosecute this action. Therefore, the court will dismiss this case with prejudice. The plaintiff is hereby notified that he can petition for reinstatement of this action within 20 days. *See* Civil Local Rule 41.3 (E.D. Wis.).

**IT IS THEREFORE ORDERED** that this action is **dismissed.**

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**