# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL LANE,**

    **Plaintiff,**

    -vs-        Case No. 06-C-0866

**JEFFREY P. ENDICOTT
and SCOTT ECKSTEIN,**

    **Defendants.**

## DECISION AND ORDER

    Plaintiff, Michael Lane, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. By order dated April 30, 2007, this case was dismissed for failure to prosecute because the plaintiff failed to file a response to the defendants' motion to dismiss. That same day, judgment was entered dismissing this action. This matter comes before the court on the plaintiff's motion for reconsideration and motion for appointment of counsel.

    The plaintiff filed a motion for reconsideration on May 15, 2007. As grounds for his request, the plaintiff states: (1) he left all his legal papers at boot camp; (2) he "never had the proper materials to persue (sic) this action within the time limits;" and (3) his case has merit. (Pl.s' Mot. for Reconsideration at 1). Although the motion does not set forth the rule pursuant to which it is made, *see* Civil L.R. 7.1 (a) (E.D. Wis.), it arises under Federal Rule of Civil Procedure 60(b) because it was filed more than 10 days after the entry of

judgment. *See Britton v. Swift Transp. Co.*, 127 F.3d 616, 618 (7th Cir. 1997). Rule 60(b) enables a court to grant relief from a judgment only under the particular circumstances listed in the rule. *Russell v. Delco Remy Div. of Gen. Motors*, 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Karraker v. Rent-A-Center*, 411 F.3d 831, 837 (7th Cir. 2005)). In assessing whether relief is appropriate, the court must balance the competing policies of determining cases on their true merits against the desire to preserve res judicata and achieve finality in litigation. Wright, Miller & Kane, *Federal Practice and Procedure* § 2857 (1995).

In the present case, the plaintiff has failed to demonstrate that dismissal of this action was in error, or that he is otherwise entitled to relief under Rule 60(b). Therefore, the plaintiff's motion for reconsideration will be denied.

2

However, if the plaintiff wishes to prosecute this action, he may file a motion for reinstatement of this case within thirty days if: (1) he includes with the motion a response to the defendants' February 1, 2007, motion to dismiss; and (2) he indicates that he wishes to pursue this case. *See* Civil L.R. 41.3 (E.D. Wis.). In the meantime, this case will remain closed.

On May 15, 2007, the plaintiff filed a motion for appointment of counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). And, while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. *Jackson*, 953 F.2d at 1073. If the plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id*.

In this case, the plaintiff claims that he has attempted to obtain counsel on his own. However, he has not provided the court with the names and addresses of counsel he has contacted. Regardless, judgment has been entered dismissing this action. Therefore, the plaintiff's motion for appointment of counsel will be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Docket # 18) is **denied.** If the plaintiff wishes to pursue this action, he may

file a motion for reinstatement of this case within thirty days provided that his motion includes: (1) a response to the defendants' February 1, 2007, motion to dismiss; and (2) a statement that the plaintiff wishes to pursue this case. In the meantime, this case will remain closed.

**IT IS FURTHER ORDERED** that the plaintiff's motion for appointment of counsel (Docket # 18) is **denied**.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**